# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SAINT LAWRENCE COMMUNICATIONS, LLC, | § § § |
| Plaintiff, | § § § |
| v. | § § |
| MOTOROLA MOBILITY LLC, | § § |
| Defendant. | § § § |

Case No. 2:18-cv-000258-JRG

**Jury Trial Demanded**

## SAINT LAWRENCE COMMUNICATIONS LLC'S COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff Saint Lawrence Communications, LLC ("St. Lawrence" or "Plaintiff") hereby submits this Complaint against Defendant Motorola Mobility LLC ("Motorola" or "Defendant") and states as follows:

## THE PARTIES

1. St. Lawrence is a Texas limited liability company, having a principal place of business at 6136 Frisco Square Blvd., Suite 400, Frisco, Texas 75034. St. Lawrence is the exclusive licensee from VoiceAge Corporation ("VoiceAge") of the copyrights at issue in this case, and as such is entitled to all of the protection and remedies accorded to the original copyright owner.

2. On information and belief, Defendant Motorola Mobility LLC is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois 60048.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the copyright laws of the United States, 17 U.S.C. §§ 101 *et seq.*

4. This Court has personal jurisdiction over Motorola, and venue is proper in this federal district pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(a) in that Motorola or its agent may be found in this District. Motorola sells products containing code that infringes St. Lawrence's copyright within this district, does business in this district, and Motorola has affirmatively represented to this Court that it has implemented a codec with Modified Source Code, actions which are directly related to St. Lawrence's copyright cause of action.

5.     Motorola may be served via its registered agent at CT Corporation System, 1999 Bryan St., Ste 900, Dallas, Texas 75201-3136.

## BACKGROUND

6.     VoiceAge Corporation ("VoiceAge") has been a pioneer in speech and audio compression technologies since its creation in 1999. VoiceAge is widely recognized as the world's leader in developing cutting-edge technologies for wideband, low bit rate speech and audio compression.[1] For example, VoiceAge provided the core technologies for at least nine international speech and audio standards-based codecs used in both wireless and wireline markets and applications. VoiceAge's technologies have won every international audio compression standard to which they have been submitted during the last thirteen years, including to the Third Generation Partnership Project ("3GPP"), 3GPP2, the International Telecommunications Union ("ITU"), the European Telecommunications Standards Institute ("ETSI"), and the Motion Picture Experts Group ("MPEG") of the International Organization for Standardization ("ISO").

7.     One of the international standards based on the technologies of VoiceAge is the Adaptive Multi-Rate-Wideband ("AMR-WB") standard for wideband speech, which is at issue in this case. AMR-WB is a wideband speech coding standard which, among other features, provides significantly improved speech quality at a wider speech bandwidth when compared to narrowband speech coding. AMR-WB has been codified in international standards. 3GPP has codified AMR-WB, promulgating numerous technical specifications related to the AMR-WB Standard, including TS 26.173, entitled "ANSI-C code for the Adaptive Multi-Rate Wideband (AMR-WB) speech codec", and TS 26.190, entitled "Speech codec speech processing functions; Adaptive Mullti-Rate

---

[1] VoiceAge was also a leader in narrow-band codecs and innovation.

Wideband (AMR-WB) speech codec; Transcoding functions." [2] The same AMR-WB codec has also been adopted as the G.722.2 standard, which was promulgated as a standard speech codec by the ITU Telecommunication Standardization Sector ("ITU-T") as the "Wideband coding of speech at around 16 kbit/s using Adaptive Multi-Rate Wideband (AMR-WB)."

8.  Several speech codecs competed to serve as the foundation for the AMR-WB standard before it was officially adopted by 3GPP. VoiceAge's competitors included candidate codecs developed by such industry heavyweights as Motorola itself, Ericsson, Texas Instruments, and a consortium comprised of France Telecom, Deutsche Telecom, Nortel Networks, and Siemens.[3] The selection process was rigorous and extensive, involving numerous experiments covering all applications defined for AMR-WB. During the testing, the VoiceAge codec was the only codec to have no failures in any test condition. The VoiceAge codec was the superior codec with respect to speech quality, technical considerations, and test results, and was the codec chosen to be the official AMR-WB standard.

9.  On March 24, 2017, an Eastern District of Texas jury found that Motorola willfully infringed St. Lawrence's U.S. Patent Nos. 6,795,805; 6,807,524; 7,151,802; 7,260,521 and 7,191,123 ("St. Lawrence's Patents"). *See* Saint Lawrence Commc'ns LLC v. Motorola Mobility LLC, No. 2:15-CV-351-JRG, D. I. 34. The Jury further found that all five patents were not invalid. *Id*.

10. During the course of post-trial briefing, Motorola told that Court that it has modified the AMR-WB source code in an attempt to design around some of St. Lawrence's patents

---

[2] There have been numerous versions or releases of 3GPP's AMR-WB Standard, but each of these is based on VoiceAge's technologies.
[3] VoiceAge worked with Nokia during the standard-selection process.

("Modified Source Code"). See, for example, Saint Lawrence Commc'ns LLC v. Motorola Mobility LLC, No. 2:15-CV-351-JRG, 2017 WL 6268735, at *4 (E.D. Tex. Dec. 8, 2017).[4]

11. On information and belief, Motorola's Modified Source Code encompasses modifications to and is based on the AMR-WB reference code found in the 3rd Generation Partnership Project's ("3GPP") Technical Specification 26.173 ("TS 26.173"), including copyrighted code to which St. Lawrence is the exclusive licensee.

12. Motorola has publicly disclosed certain details of Motorola's Modified Source Code in related litigation in Germany. For example, Motorola stated in briefing in Germany that: "The processors of the manufacturer Qualcomm, which have been implemented in the smartphone models 'Moto Z Play', 'Moto G5' and 'Moto G5 Plus', allow for high quality speech without the use of the AMR-WB standard."[5] Motorola additionally stated: "It contains various source code modifications. This resulted in a codec, which on the one side is compatible with the present network infrastructure and creates equivalent speech signals and on the other side does not implement certain features of the patent."[6]

13. The AMR-WB standardized codec serves a variety of important, growing markets and applications including, but not limited to, high-definition voice services ("HD Voice") in wireless telephony, content for media audio, and mobile voice over internet protocol ("VoIP"). Indeed, in the mobile phone market, HD Voice is the commercial name for the AMR-WB codec. HD Voice is a ground-breaking development in mobile phone technology, as it overcomes the

---

[4] "Motorola responds by arguing that the ongoing royalty rate should be no higher than the rate "apparently adopted by the jury—39 cents per infringing unit," and it also suggests that certain products which include a purported design around should be subject to a royalty of no more than $0.16. (Dkt. No. 89 at 4, 11.)"
[5] District Court Mannheim, Docket no. 2 O 131/16 ZVI, Response, April 18, 2017.
[6] Id.

limitations of the 300-3400 Hz voiceband traditionally used in mobile telephony; AMR-WB extends audio bandwidth to 50-7000 Hz, materially improving intelligibility over the narrow-band codec prevalent in mobile telephony. Voice over LTE ("VoLTE") requires the use of the AMR-WB codec, as described in IR.92. The Android operating system also requires support for AMR-WB.[7]

14. Motorola's Moto z2 Force, Moto z2 Droid and Moto z2 Play are advertised as having HD Voice on the Verizon website.[8] In addition, the Moto Z2 Force Edition is advertised as having "AMR-WB" and "HD Voice" on the AT&T website.[9] Motorola has represented to this Court that it has implemented Modified Source Code on its phones. Therefore, on information and belief, these phones, as well as other phones contain the Motorola Modified Source Code, which is a modified AMR-WB codec.

15. Motorola's Modified Source Code infringes SLC's copyrights, as Motorola's Modified Source Code is based on the AMR-WB Reference Code, as described more fully below.

16. On information and belief, Motorola contends that no Motorola phones currently sold in the United States contain the AMR-WB codec.

17. On information and belief, Motorola contends that all Motorola phones currently sold in the United States contain the Motorola Modified Source Code.

---

[7] https://developer.android.com/guide/topics/media/media-formats
[8] https://www.verizonwireless.com/smartphones/moto-z2-play/?usrPrc=.edge-monthly-price#sku=sku2480355;
https://www.verizonwireless.com/smartphones/moto-z2-force/?usrPrc=.edge-monthly-price#sku=sku2560275;
[9] https://www.att.com/cellphones/motorola/z2-force-edition.html#sku=sku8410263

18. Motorola is well aware of the issues described in this complaint due to its position in the prior litigation, but Motorola was well aware of the AMR-WB Standard and its development, including the reference code, even before the prior litigation.

19. On information and belief, Motorola claims that it has replaced or has instructed its suppliers to replace the AMR-WB codec with its Motorola Modified Source Code in all phones currently offered for sale by Motorola or its carrier customers in the United States.

20. Motorola contends the Modified Source Code does not infringe certain of St. Lawrence Patents. As these patents were independently evaluated by the International Patent Evaluation Consortium (IPEC) and determined to be essential to the AMR-WB standard, Motorola's contention that the Modified Source Code does not infringe these essential patents means that Motorola must also contend that the Modified Source Code does not comply with the AMR-WB standard.

21. Motorola contends that its Motorola Modified Source Code does not comply with the AMR-WB standard, and thus Motorola is not licensed to the copyrights asserted in this Complaint, yet Motorola knowingly, actively, willfully and lucratively practices and induces others to infringe St. Lawrence's copyrights.

## COUNT I: COPYRIGHT INFRINGEMENT

22. The 3GPP AMR-WB standard provides AMR-WB reference source code as specification number TS 26.173. As part of the standard, this source code is publicly available.[10] Indeed, as a member of ETSI and participant in the competition to set the standard that became AMR-WB, Motorola has had access to every version of TS 26.173 since issuance.

---

[10] https://portal.3gpp.org/desktopmodules/Specifications/SpecificationDetails.aspx?specificationId=1421

23. VoiceAge is the exclusive legal owner of valid and enforceable applications for copyright in the reference code TS 26.173. The Copyright Office has received the applications, deposit and fee for at least the following files: ACELP.H, AZ_ISP.C, BITS.C, BITS.H, C2T64FX.C, C4T64FX.C, COD_MAIN.C, COD_MAIN.H, COR_H_X.C, D2T64FX.C, D4T64FX.C, DECIM54.C, DEC_MAIN.C, DEC_MAIN.H, DEEMPH.C, GPCLIP.C, HP_WSP.C, HP6K.C, HP50.C, HP400.C, ISP_AZ.C, ISP_ISF.C, LP_DEC2.C, MATH_OP.C, MATH_OP.H, P_MED_OL.C, PIT_SHRP.C, PITCH_F4.C, PRED_LT4.C, Q_PULSE.C, Q_PULSE.H, QISF_NS.C, QPISF_2S.C, UPDT_TAR.C, UTIL.C, VOICEFAC.C, RANDOM.C, SCALE.C. *See* Ex. A - LL. St. Lawrence is the exclusive licensee of these valid and enforceable copyright registrations ("St. Lawrence's copyrights").

24. Collectively, these copyright applications/registrations are referred to here as the "AMR-WB Reference Code".

25. The AMR-WB Reference Code is a creative work of original authorship. The AMR-WB Reference Code contains a substantial amount of original material that is copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101 *et seq.*

26. Motorola has knowingly and willfully infringed and continues to infringe St. Lawrence's copyrights in the AMR-WB Reference Code via its use of the Motorola Modified Source Code.

27. Motorola, in preparing, copying and distributing the Motorola Modified Source Code, without consent, authorization, approval or license, knowingly, willingly, and unlawfully copied, prepared, published, and distributed St. Lawrence's copyrighted work, portions thereof, and/or derivative works and continues to do so. Motorola's Modified Source Code infringes St. Lawrence's copyrights in the AMR-WB Reference Code and Motorola is not licensed to do so.

28. Motorola's modification or incorporation of the AMR-WB Reference Code without permission or license resulted in the creation of an unlicensed and/or unauthorized copy of the work, in violation of the rights of the owner and as such, its exclusive licensee.

29. The creation of a modified version of the AMR-WB Reference Code for use in an implementation that fails to comply with certain portions of the AMR-WB Standard constituted an unlicensed and/or unauthorized use of the AMR-WB Reference Code.

30. Motorola has directly infringed St. Lawrence's copyrights by preparing a derivative work, the Modified Source Code, based on the AMR-WB Reference Code.

31. Motorola has directly infringed St. Lawrence's copyrights by reproducing, without authorization, portions of the AMR-WB Reference Code or any substantial part thereof.

32. Motorola has directly infringed St. Lawrence's copyrights by its unauthorized distribution of copies of the AMR-WB Reference Code, a modified version of the AMR-WB Reference Code, or any substantial part thereof.

33. Motorola has told a German court that Motorola has "altered the embodiments offered and distributed nationally in February 2017 such that they are not working according to the AMRWB- Standard 3GPP TS 26.190 (in the following 'standard') any longer".[11]

34. On information and belief, Motorola has modified the standard only to remove or modify certain lines of code related to specific claims of some of the St. Lawrence Patents, with large portions of its Modified Source Code taken directly from, or based on, the AMR-WB Reference Code.

---

[11] Mannheim Regional Court, File ref. 2 O 130/16, June 2, 2017 Rejoinder (Part 1 – technology).

35. As Motorola told another German court, "[I]t is a fact that – what the plaintiff also knows in detail from the parallel US-proceedings – that the defendants do not distribute the accused mobile phones working accordingly to the AMR-WB standard any longer, but modified mobile phones that do not infringe the relevant passages of the standard…"[12]

36. Motorola also provided the German Court with details of the Modified Source Code, stating:

> "**The processors of the manufacturer Qualcomm, which have been implemented in the smartphone models "Moto Z Play, "Moto G5" and "Moto G5 Plus, allow for high quality speech without the use of the AMR-WB standard. This is because Qualcomm, upon instruction by the Obligors, has implemented a workaround into the chips of the models "Moto Z Play, "Moto G5" and "Moto G5 Plus**" named by the Creditor, which according to the Creditor's allegation in the application for coercive measures of March 6, 2017 (cf. pages 5 et seq. and exhibit ZV 9) shall be AMR-WB capable, which is an alternative to the AMR-WB standard subject of the first instance. It contains various source code modifications. **This resulted in a codec, which on the one side is compatible with the present network infrastructure and creates equivalent speech signals and on the other side does not implement certain features of the patent.** As evidence, we present as- Exhibit S 4 –an excerpt of the expert report of Dr. Mark A Clement from the parallel US proceedings, which describes the modifications regarding the US counterpart to EP 1 125 285 (US 6,795805) in detail and in "Appendix C" (cf. last page of the report) representatively shows the modified source code. If the court considers it necessary to provide further information in addition to the following technical presentation, we request respective instructions by the court. The Creditor knows about these modifications and their implementation into the devices imported to Germany and offered here since February 26, 2017 (see below sub 4 for more details); in light of this, we do not expect the Creditor to dispute this. Should the Creditor nevertheless contest this against better knowledge, we will offer corresponding evidence…" (emphasis added).[13]

37. Motorola explicitly admitted that it does not comply with the standard, stating: "the relevant chips do not use the AMR-WB standard anymore".[14]

---

[12] Higher Regional Court Karlsruhe, File No. 6 U 102/17, November 7, 2017, Grounds of Appeal (Part 2 – FRAND)

[13] District Court Mannheim, Docket no. 2 O 131/16 ZVI, Response, April 18, 2017.

[14] *Id*.

38. Motorola has relied on the modifications disclosed in the prior U.S. litigation and in the German litigation and has made at least some of them public in Germany via public filings.[15]

39. Motorola submitted an excerpt of a report from Dr. Mark A. Clements as an exhibit in Germany. That report makes clear that the Modified Source Code, including at least WORK_AROUND_1, WORK_AROUND_2 and WORK_AROUND_3, are based on the AMR-WB Reference Code.

40. Motorola submitted a redacted excerpt of Motorola Mobility LLC's Sixth Supplemental Objections and Responses to Plaintiff's First Set of Common Interrogatories (Nos. 1 – 9) as an exhibit in Germany. In it, Motorola states that "Motorola Mobility will be marketing and selling to its customers, including carriers, smartphones with the modified wideband codec for cellular voice."

41. Motorola has also disclosed additional details of the Motorola Modified Source Code in post-trial briefing to this Court. See *Saint Lawrence Commc'ns LLC v. Motorola Mobility LLC*, No. 2:15-CV-351-JRG, D. I. 89 and 99.

42. As a result of the foregoing, St. Lawrence is entitled to damages pursuant to 17 U.S.C. § 504(a)(1) in the amount of its actual damages and the additional profits of Motorola in an amount to be established at trial.

43. Alternatively, as a result of the foregoing, St. Lawrence is entitled to statutory damages pursuant to 17 U.S.C. § 504(a)(2), including additional statutory damages for Motorola's willful infringement.

---

[15] "Furthermore, the Creditor is aware of the modifications, because the Obligors have informed the Creditor about the modifications in the parallel US proceedings, as proved by the catalogue of interrogatories, which we present as - Exhibit S 5…" *Id.*

44. Pursuant to 17 U.S.C. § 503, St. Lawrence is entitled to the remedy of seizure and impounding of all materials used in violation of St. Lawrence's exclusive copyrights.

45. Pursuant to 17 U.S.C. § 503, following final disposition of the case, St. Lawrence is also entitled to a Court Order requiring destruction or other reasonable disposition of all copies found to have been used in violation of St. Lawrence's exclusive rights and of all other articles by means of which such copies are, have been, or may be reproduced.

46. Pursuant to 17 U.S.C. § 504, St. Lawrence is entitled to an accounting of all gains, profits, and advantages derived by Motorola's infringement of St. Lawrence's copyrights so that St. Lawrence may properly determine the full extent of its damages under the Copyright Act.

47. Pursuant to 17 U.S.C. § 505, St. Lawrence is entitled to an award of its attorneys' fees and expenses of litigation.

## COUNT II: DECLARATION OF NO FRAND OBLIGATIONS

48. St. Lawrence hereby restates and realleges the allegations set forth in paragraphs 1 through 53 above and incorporates them by reference.

49. On May 29, 2001, VoiceAge submitted an IPR Information Statement and Licensing Declaration ("2001 IPR Declaration") to ETSI that identified the AMR-WB Reference Code and the patent applications for the '805, '524, '802, '521, and '123 Patents.[16]

50. In the 2001 IPR Declaration, VoiceAge declared that it is "prepared to grant irrevocable licenses under the IPRs on terms and conditions which are in accordance with Clause 6.1 of the ETSI IPR Policy, in respect of the STANDARD, to the extent that the IPRs remain ESSENTIAL."

---

[16] *See* Ex. MM.

51. No rights in the AMR-WB Reference Code were granted or transferred to ETSI other than those rights specified in the various IPR forms that were filed with ETSI.

52. VoiceAge (and St. Lawrence's) FRAND obligations are limited to equipment and methods that comply with the AMR-WB standard. Clause 6.1 of the ETSI IPR Policy at the time of the 2001 IPR Declaration reads as follows:

> When an ESSENTIAL IPR relating to a particular STANDARD or TECHNICAL SPECIFICATION is brought to the attention of ETSI, the Director-General of ETSI shall immediately request the owner to give within three months an undertaking in writing that it is prepared to grant irrevocable licenses on fair, reasonable and non-discriminatory terms and conditions under such IPR to at least the following extent:
>
> - MANUFACTURE, including the right to make or have made customized components and sub-systems to the licensee's own design for use in MANUFACTURE;
> - sell, lease, or otherwise dispose of EQUIPMENT so MANUFACTURED;
> - repair, use, or operate EQUIPMENT; and
> - use METHODS.
>
> The above undertaking may be made subject to the condition that those who seek licences agree to reciprocate. [17]

53. The ETSI IPR Policy at the time of the 2001 IPR Declaration provides the following definitions:

> - "EQUIPMENT" shall mean any system, or device fully conforming to a STANDARD.
> - "MANUFACTURE", shall mean production of EQUIPMENT.
> - "METHODS" shall mean any method or operation fully conforming to a STANDARD. [18]

54. Motorola has made multiple IPR declarations to ETSI. It is, therefore, well aware of ETSI's IPR policy.

---

[17] *See* ETSI Intellectual Property Rights Policy (Apr. 5, 2000) (attached as Ex. NN) at 36.
[18] *See* ETSI Intellectual Property Rights Policy (Apr. 5, 2000) (attached as Ex. NN) at 39.

13

55. Motorola contends that its products that include Motorola's Modified Source Code as a replacement for the AMR-WB codec do not fully conform to the AMR-WB standard.

56. Because Motorola contends that the Modified Source Code does not comply with the AMR-WB standard, Motorola's Modified Source Code is not licensed.

57. Because Motorola contends that the Modified Source Code does not comply with the AMR-WB standard, St. Lawrence is not subject to any FRAND obligations with respect to Motorola products that include Motorola's Modified Source Code as a replacement for the AMR-WB codec.

## **JURY DEMAND**

58. St. Lawrence hereby demands a trial by jury on all issues.

## **PRAYER FOR RELIEF**

WHEREFORE, St. Lawrence requests entry of judgment in its favor and against Defendant as follows:

a. A declaration that Defendant has infringed St. Lawrence's copyrights;

b. A declaration that Defendant has willfully infringed St. Lawrence's copyrights;

c. An award of damages to St. Lawrence arising out of Defendant's infringement of St. Lawrence's copyrights;

d. An order that all copies made or used in violation of St. Lawrence's copyrights, and all means by which such copies may be reproduced, be impounded or destroyed or otherwise reasonably disposed of;

e. A declaration that St. Lawrence is not subject to any FRAND obligations with respect to Motorola products that include Motorola's Modified Source Code;

f. An award of attorneys' fees pursuant to 17 U.S.C. §505 or as otherwise permitted by law;

g. An award to St. Lawrence of its costs; and

h. such other and further relief, whether legal, equitable, or otherwise, to which St. Lawrence may be entitled or which this Court may order.

Dated: June 20, 2018	Respectfully submitted,

*/s/ Demetrios Anaipakos*_____
Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@azalaw.com
Amir Alavi
Texas Bar No. 00793239
aalavi@azalaw.com
Masood Anjom
Texas Bar No. 24055107
manjom@azalaw.com
Michael McBride
Texas Bar No. 24065700
mmcbride@azalaw.com
Scott W. Clark
Texas Bar No. 24007003
sclark@azalaw.com
Alisa A. Lipski
Texas Bar No. 24041345
alipski@azalaw.com
Weining Bai
Texas Bar No. 24101477
wbai@azalaw.com
Justin Chen
Texas Bar No. 24074024
jchen@azalaw.com
AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI &
    MENSING P.C.
1221 McKinney Street, Suite 2500
Houston, TX 77010
Telephone: 713-655-1101
Facsimile: 713-655-0062

**ATTORNEYS FOR PLAINTIFF SAINT LAWRENCE COMMUNICATIONS, LLC**